Mark D. Kremer (SB# 100978)
*Mark.Kremer@thompsonhine.com*
Zachary T. Page (SB# 293885)
*Zach.Page@thompsonhine.com*
Thompson Hine LLP
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403
Telephone: 310.998.9100
Facsimile: 310.998.9109

Attorneys for Defendant and Counterclaim-Plaintiff Moroccanoil, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Blonde Voyage Salon LLC, a California Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Moroccanoil, Inc., a California corporation,<br><br>　　　　　Defendant.<br><br>Moroccanoil. Inc., a California corporation<br><br>　　　　　Counterclaimant,<br><br>　v.<br><br>Blonde Voyage Salon LLC, a California Limited Liability Company.<br><br>　　　　　Counterdefendant. | Case No. 2:25-cv-02391-GW-RAO<br><br>**DEFENDANT MOROCCANOIL, INC.'S ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION; COUNTERCLAIM FOR CANCELLATION OF TRADEMARK REGISTRATION AND DECLARATION OF NON-INFRINGEMENT AND INVALIDITY**<br><br>**DEMAND FOR JURY TRIAL**<br><br>District Judge George H. Wu<br>Magistrate Judge Rozella A. Oliver<br><br>Complaint Filed: March 18, 2025<br>Trial Date:　　　None Set |

Defendant Moroccanoil, Inc. ("Defendant" or "Moroccanoil") hereby answers Plaintiff Blonde Voyage Salon LLC's ("Plaintiff" or "BVS") Complaint for Trademark Infringement, False Designation of Origin, and Unfair Competition (Dkt. No. 1, "Complaint") as set forth below. Any allegations of the Complaint not specifically and explicitly admitted herein should be construed as denied.

## NATURE OF THE ACTION[1]

1. Moroccanoil admits that the Complaint asserts claims for trademark infringement, false designation of origin, and unfair competition, but denies that the claims have any merit.

## THE PARTIES

2. Moroccanoil lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 2 of the Complaint, and therefore denies same.

3. Moroccanoil admits the allegations of Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Moroccanoil admits the allegations of Paragraph 4 of the Complaint.

5. Moroccanoil admits the allegations of Paragraph 5 of the Complaint.

6. Moroccanoil admits the allegations of Paragraph 6 of the Complaint.

## FACTS

### Plaintiff's Business

7. Moroccanoil lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 7 of the Complaint, and therefore denies same.

8. Moroccanoil admits that BVS is identified as the owner of U.S. Trademark Registration Nos. 7,593,103 and 6,750,458 (the "BVS Registrations"), but denies that the BVS Registrations are valid. Moroccanoil lacks sufficient

---

[1] Moroccanoil uses the headings of the Complaint herein for ease of reference. The use of these headings is not intended to indicate any agreement by Moroccanoil with any explicit or implied allegation or characterization of fact by the Complaint.

knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 8 of the Complaint, and therefore denies same.

9. Moroccanoil lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 9 of the Complaint, and therefore denies same.

10. Moroccanoil lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 10 of the Complaint, and therefore denies same. To the contrary, and as alleged in Moroccanoil's Counterclaim, *infra*, the purported example of BVS's use of the BLONDE VOYAGE trademark attached to the Complaint is not a genuine depiction of any product sold or offered by BVS at any time relevant to these proceedings.

11. Moroccanoil lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 11 of the Complaint, and therefore denies same.

12. Moroccanoil lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 12 of the Complaint, and therefore denies same.

### Defendant's [Alleged] Wrongful Conduct

13. Moroccanoil admits that it sells hair care products under the BLONDE VOYAGE mark as alleged in Paragraph 13 of the Complaint, but denies that its use of the BLONDE VOYAGE mark is "[i]nfringing."

14. Moroccanoil denies the allegations of Paragraph 14 of the Complaint.

15. Moroccanoil admits the allegations of Paragraph 15 of the Complaint, but denies that the refusal to register its BLONDE VOYAGE mark has any merit.

16. Moroccanoil admits that it sells hair care products under the BLONDE VOYAGE mark as alleged in Paragraph 16 of the Complaint, but denies that its use of the BLONDE VOYAGE mark is "[i]nfringing." Moroccanoil further denies that

it offers any goods or services that are "identical" to any goods or services actually offered by BVS.

17. Moroccanoil admits that BVS sent a cease-and-desist letter in August 2022 alleging that Moroccanoil's use of the BLONDE VOYAGE mark infringed BVS's purported rights in the mark, but denies that the allegations therein had any merit. Moroccanoil denies the remaining allegations of Paragraph 17 of the Complaint.

18. Moroccanoil denies the allegations of Paragraph 18 of the Complaint.

19. Moroccanoil denies the allegations of Paragraph 19 of the Complaint.

## CLAIMS OF RELIEF

## FIRST CLAIM OF RELIEF

**(Trademark Infringement – 15 U.S.C. § 1114)**

20. Moroccanoil incorporates its responses to the allegations contained in Paragraphs 1 through 19 of the Complaint as if fully rewritten herein.

21. Moroccanoil denies the allegations of Paragraph 21 of the Complaint.

22. Moroccanoil denies the allegations of Paragraph 22 of the Complaint.

23. Moroccanoil denies the allegations of Paragraph 23 of the Complaint.

24. Moroccanoil denies the allegations of Paragraph 24 of the Complaint.

25. Moroccanoil denies the allegations of Paragraph 25 of the Complaint.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin – 15 U.S.C. § 1125(a))**

26. Moroccanoil incorporates its responses to the allegations contained in Paragraphs 1 through 25 of the Complaint as if fully rewritten herein.

27. Moroccanoil denies the allegations of Paragraph 27 of the Complaint.

28. Moroccanoil denies the allegations of Paragraph 28 of the Complaint.

29. Moroccanoil denies the allegations of Paragraph 29 of the Complaint.

30. Moroccanoil denies the allegations of Paragraph 30 of the Complaint.

## THIRD CLAIM FOR RELIEF

## (Unfair Competition – 15 U.S.C. § 1125(a))

31. Moroccanoil incorporates its responses to the allegations contained in Paragraphs 1 through 30 of the Complaint as if fully rewritten herein.

32. Moroccanoil denies the allegations of Paragraph 32 of the Complaint.

33. Moroccanoil denies the allegations of Paragraph 33 of the Complaint.

34. Moroccanoil denies the allegations of Paragraph 34 of the Complaint.

35. Moroccanoil denies the allegations of Paragraph 35 of the Complaint.

## FOURTH CLAIM FOR RELIEF

## (State Law Unfair Competition – Cal. Bus. & Prof. Code § 17200)

36. Moroccanoil incorporates its responses to the allegations contained in Paragraphs 1 through 35 of the Complaint as if fully rewritten herein.

37. Moroccanoil denies the allegations of Paragraph 37 of the Complaint.

## FIFTH CLAIM FOR RELIEF

## (Common Law Trademark Infringement)

38. Moroccanoil incorporates its responses to the allegations contained in Paragraphs 1 through 37 of the Complaint as if fully rewritten herein.

39. Moroccanoil denies the allegations of Paragraph 39 of the Complaint.

## SIXTH CLAIM FOR RELIEF

## (Common Law Unfair Competition)

40. Moroccanoil incorporates its responses to the allegations contained in Paragraphs 1 through 39 of the Complaint as if fully rewritten herein.

41. Moroccanoil denies the allegations of Paragraph 41 of the Complaint.

## PRAYER FOR RELIEF

Moroccanoil denies that BVS is entitled to any of the relief set forth in the Prayer for Relief of the Complaint.

## AFFIRMATIVE DEFENSES

Moroccanoil asserts the following affirmative defenses. Moroccanoil's

investigation of its defenses is ongoing, and Moroccanoil reserves the right to allege and assert any additional affirmative defenses that may now exist or in the future be available based upon discovery and further investigation in this case.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. BVS's claims are barred, in whole or in part, because BVS's Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity of BVS Registrations – Lack of Use)

2. BVS's claims are barred, in whole or in part, because the BVS Registrations are invalid and subject to cancellation because BVS did not use the BLONDE VOYAGE mark on the goods and services identified therein in interstate commerce prior to the applications that matured into the BVS Registrations.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity of BVS Registrations – Fraud on USPTO)

3. BVS's claims are barred, in whole or in part, because the BVS Registrations are invalid and subject to cancellation because BVS obtained the BVS Registrations using knowingly false or fraudulent declarations and representations, with intent to deceive, which declarations were material to the grant of the BVS Registrations by the USPTO.

## FOURTH AFFIRMATIVE DEFENSE
### (Priority of Use)

4. BVS's claims are barred, in whole or in part, because Moroccanoil's rights in the BLONDE VOYAGE mark in connection with the products identified in the Complaint predates BVS's rights in the BLONDE VOYAGE mark, if any.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5. BVS's claims are barred, in whole or in part, pursuant to the equitable doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6. BVS's claims are barred, in whole or in part, due to BVS's unclean hands in connection with its purported use, registration, and attempts to enforce its alleged rights in the BLONDE VOYAGE mark.

## SEVENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

7. BVS's claims are barred, in whole or in part, because BVS should be equitably estopped from the relief sought therein.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

8. BVS's claims are barred, in whole or in part, because BVS would be unjustly enriched if allowed to recover on its Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Innocence and Non-Willfulness)

9. BVS's claims are barred, in whole or in part, because Moroccanoil's actions, as alleged in the Complaint, were innocent and non-willful.

## TENTH AFFIRMATIVE DEFENSE

### (Attorney's Fees Not Available)

10. BVS's request for its "reasonable attorney's fees" is barred to the extent that an award of attorney's fees is not available for the claims asserted in the Complaint.

# MOROCCANOIL'S COUNTERCLAIMS AGAINST BVS

Counterclaim-Plaintiff Moroccanoil incorporates by reference the admissions, allegations, denials, and additional defenses in the Answer above as if fully set forth herein. For its counterclaims against Plaintiff and Counterclaim-Defendant BVS, Moroccanoil alleges as follows:

## THE PARTIES

1. Moroccanoil is a California corporation having its principal place of business in Los Angeles County California.

2. On information and belief, Counterclaim-Defendant BVS is a California limited liability company having its headquarters in San Diego, California.

## JURISDICTION AND VENUE

3. These Counterclaims arise out of the Complaint which alleges purported violations of and seeks remedies and relief under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a); California Business and Professions Code §§ 17200, *et seq.*, and California common law. These Counterclaims further arise under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201, *et seq.*

4. Moroccanoil alleges this Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, 2202.

5. This Court further has jurisdiction over a claim seeking the cancellation of a trademark registration in an action involving that registration pursuant to 15 U.S.C. § 1119.

6. BVS is subject to personal jurisdiction in this district at least because it has voluntarily appeared and consented to this district by filing its Complaint in this district.

7. Venue is proper in this district under 28 U.S.C. § 1391.

**FACTS COMMON TO ALL COUNTS**

8. In its Complaint, BVS asserts that Moroccanoil has infringed BVS's purported rights in the BLONDE VOYAGE mark, including its purported rights in the BVS Registrations.

9. As alleged herein, the BVS Registrations are subject to cancellation, and Moroccanoil has not infringed and does not infringe any valid trademark owned by BVS.

**BVS's Misrepresentations to the USPTO**

10. On March 9, 2021, BVS represented to the United States Patent and Trademark Office ("USPTO") that it was using the BLONDE VOYAGE mark in connection with hair salon services in interstate commerce "[a]t least as early as [June 6, 2020]" when it submitted its application to register the BLONDE VOYAGE mark in International Class 044. In that same application, BVS represented to the USPTO that it was "using the mark in commerce on or in connection with the identified goods/services" at the time of the application.

11. On information and belief, BVS did not begin using the BLONDE VOYAGE mark in connection with hair salon services in interstate commerce until no earlier than February of 2022.

12. On August 25, 2022, BVS represented to the USPTO that it was using the BLONDE VOYAGE mark in connection with hair products in interstate commerce "[a]t least as early as [July 7, 2020]" when it submitted its application to register the BLONDE VOYAGE mark in International Class 003. In that same application, BVS represented to the USPTO that it was "using the mark in commerce on or in connection with the identified goods/services" at the time of the application, and also that the specimen submitted therewith "show[ed] the mark as used in commerce on or in connection with any item in the class of listed goods/services."

13. On information and belief, the specimen submitted in support of its application to register the BLONDE VOYAGE mark in Reg. No. 7,644,003 was a computer-generated image depicting the BLONDE VOYAGE mark on a shampoo bottle, and not an image of any product actually sold or used by BVS in interstate commerce.

14. After the instant dispute between Moroccanoil and BVS arose, Moroccanoil repeatedly asked BVS to provide evidence that BVS used the BLONDE VOYAGE mark in commerce in connection with hair and skin care products.

15. The only "evidence" provided by BVS was an image purporting to depict BLONDE VOYAGE hair and skin care products, reproduced below:

16. Moroccanoil's investigation of BVS's purported evidence revealed that this image is plainly a fabrication in which BVS took a stock photo of product packaging to add the BLONDE VOYAGE mark.

stock photo that BVS modified to falsely show Moroccanoil that it had used the BLONDE VOYAGE mark on hair care products is reproduced below:



17. BVS's prior counsel did not respond after Moroccanoil's counsel pointed out the obvious fabrication of BVS's purported evidence of its use of the BLONDE VOYAGE mark. When Moroccanoil followed up to request an explanation for why BVS provided a false image, Moroccanoil learned that BVS's prior counsel was no longer representing BVS.

18. On or about February 18, 2025, BVS's owner, Alayna Rose, posted on an announcement on her Instagram account @alaynarosehair, in which she included a video with the caption: "Little BTS ["behind the scenes"] - Blonde Voyage photoshoot *for our in-house product line launch*! + We had so much fun with this, SO excited to share with you all, stay tuned!" (emphasis added). An image of that post is reproduced below:



19. On information and belief, and as admitted by BVS's owner in the Instagram post above, BVS did not begin using the BLONDE VOYAGE mark in connection with hair products in interstate commerce until no earlier than February 18, 2025.

**Moroccanoil's Blonde Voyage Products**

20. Moroccanoil distributes hair and body care products across the globe featuring Moroccanoil's distinctive trademarks and trade dress.

21. As early as January 2019, Moroccanoil conducted presentations during its national sales meeting with its distributors (*i.e.*, the purchasers of Moroccanoil's products) in which it announced its new line of BLONDE VOYAGE hair lightener products. Moroccanoil received purchase order commitments as a result of those presentations.

22. Moroccanoil continued to make similar communications and announcements to its customers and the trade until the formal launch of its BLONDE VOYAGE product line in early 2022.

23. As depicted in the Complaint, each use of the BLONDE VOYAGE mark by Moroccanoil is accompanied by Moroccanoil's distinctive MOROCCANOIL word mark and Moroccanoil's distinctive trade dress, generally consisting of a distinctive turquoise blue color, copper orange lettering, graphics and background design elements, among other elements.

24. Neither the MOROCCANOIL mark nor these trade dress elements are present in any product BVS claims to sell under the BLONDE VOYAGE mark.

## FIRST COUNTERCLAIM

**(Cancellation of BVS Registrations – Fraud on the USPTO)**

25. Moroccanoil restates and incorporates by reference Paragraphs 1-14 of these counterclaims as if fully set forth herein.

26. In the course of the applications that matured into the BVS Registrations, BVS committed fraud on the USPTO by knowingly making false, material misrepresentations that it had previously used and was then using the BLONDE VOYAGE mark in commerce in connection with hair products and hair salon services.

27. These misrepresentations were material because they were essential to the USPTO's examination of and decision to grant registration based on the applications, which were filed on an "in-use" basis under Section 1(a) of the Lanham Act.

28. The USPTO relied on BVS's false representations in granting the BVS Registrations.

29. But for BVS's fraud, the BVS Registrations would not have issued.

30. The BVS Registrations are therefore subject to cancellation on the basis that BVS committed a fraud on the USPTO.

31. In light of BVS's reliance on its purported rights in the BVS Registrations to support its claims against Moroccanoil in this Action, Moroccanoil reasonably believes that it has been or will be damaged by the continued registration of the alleged BVS Registrations.

32. Moroccanoil is thus entitled to cancellation of the BVS Registrations.

## SECOND COUNTERCLAIM

**(Cancellation of BVS Registrations – Void *Ab Initio* for Lack of Use)**

33. Moroccanoil restates and incorporates by reference Paragraphs 1-20 of these counterclaims as if fully set forth herein.

34. BVS submitted each of the applications that matured into the BVS Registrations on an "in-use" basis under Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a).

35. Upon information and belief, at the time of the applications that matured into the BVS Registrations, BVS had not actually used the BLONDE VOYAGE mark in connection with hair salon services or hair products in interstate commerce.

36. The BVS Registrations are therefore subject to cancellation on the basis that BVS was not actually using the BLONDE VOYAGE mark on the specified goods and services at the time of the applications.

37. In light of BVS's reliance on its purported rights in the BVS Registrations to support its claims against Moroccanoil in this Action, Moroccanoil reasonably believes that it has been or will be damaged by the continued registration of the alleged BVS Registrations.

38. Moroccanoil is thus entitled to cancellation of the BVS Registrations.

## THIRD COUNTERCLAIM

**(Cancellation of BVS Registrations – Priority by Moroccanoil)**

39. Moroccanoil restates and incorporates by reference Paragraphs 1-20 of these counterclaims as if fully set forth herein.

40. Moroccanoil has priority over BVS's use of the BLONDE VOYAGE mark by virtue of Moroccanoil's analogous and actual use of the mark on hair care products, which use predates BVS's use of the BLONDE VOYAGE mark in interstate commerce.

41. BVS's use of the BLONDE VOYAGE mark, which is identical to Moroccanoil's mark, in connection with hair salon services and hair care products is likely to cause confusion with Moroccanoil's prior rights in the BLONDE VOYAGE mark.

42. BVS is not the rightful owner of the BLONDE VOYAGE mark and is not entitled to continued ownership of the BVS Registrations.

43. The BVS Registrations are therefore subject to cancellation on the basis that Moroccanoil's rights in the BLONDE VOYAGE mark predate any rights BVS may have in the mark.

44. In light of BVS's reliance on its purported rights in the BVS Registrations to support its claims against Moroccanoil in this Action, Moroccanoil reasonably believes that it has been or will be damaged by the continued registration of the alleged BVS Registrations.

45. Moroccanoil is thus entitled to cancellation of the BVS Registrations.

## FOURTH COUNTERCLAIM

### (Declaration of Invalidity and Non-Infringement of BVS's BLONDE VOYAGE Mark)

46. Moroccanoil restates and incorporates by reference Paragraphs 1-29 of these counterclaims as if fully set forth herein.

47. For the reasons set forth herein, BVS has no rights in the BLONDE VOYAGE mark in connection with hair salon services or hair care products, and specifically has no rights that predate Moroccanoil's rights in the mark.

48. Notwithstanding BVS's lack of rights in the BLONDE VOYAGE mark, in each instance in which Moroccanoil has used the phrase BLONDE

VOYAGE in connection with its hair care products, such use has been prominently accompanied by other elements of Moroccanoil's brand, including the MOROCCANOIL mark and trade dress elements described herein, which elements clearly designate Moroccanoil as the source of those products.

49. An actual case or controversy exists, as BVS has asserted its purported rights in the BLONDE VOYAGE mark through its Complaint for, inter alia, trademark infringement under both the Lanham Act and common law, which claims also give rise to BVS's related claims for unfair competition and false designation of origin under federal, state, and common law.

50. Moroccanoil therefore seeks a judicial declaration that BVS's purported BLONDE VOYAGE mark is invalid under both the Lanham Act and common law.

51. Moroccanoil further seeks a judicial declaration that it does not infringe any rights (because there are none) BVS has in the BLONDE VOYAGE mark.

## **PRAYER FOR RELIEF ON COUNTERCLAIMS**

WHEREFORE, Moroccanoil prays:

1. That BVS take nothing by way of the Complaint;

2. That the Complaint be dismissed with prejudice against Moroccanoil and judgment be entered in favor of Moroccanoil;

3. That the Court direct the United States Patent and Trademark Office to cancel the BVS Registrations;

4. That the Court enter a declaratory judgment that BVS's purported rights in the BLONDE VOYAGE mark are invalid, and that Moroccanoil has not infringed any valid mark owned by BVS;

5. That Moroccanoil be awarded its costs of suit and attorneys' fees to the extent that they are recoverable, including but not limited to the basis that this is an exceptional case pursuant to 15 U.S.C. § 1117; and

1    6.   That Moroccanoil be awarded such further relief as this Court may
2 deem just and proper.

3 Dated:   June 2, 2025          THOMPSON HINE, LLP

5                                By: /s/ *Zachary T. Page*
6                                    Zachary T. Page

7                                Attorneys for Defendant and Counterclaim-Plaintiff Moroccanoil, Inc.

## **DEMAND FOR JURY TRIAL**

Defendant and Counterclaim-Plaintiff Moroccanoil, Inc. hereby demands a jury trial on all issues so triable.

Dated: June 2, 2025          THOMPSON HINE, LLP


By: */s/ Zachary T. Page*
     Zachary T. Page

Attorneys for Defendant and Counterclaim-Plaintiff Moroccanoil, Inc.